A less expensive automobile liability policy, which no longer covered employees over the age of 70. Mr. Enlow filed an Age Discrimination in Employment Act claim against the employer for terminating him based on the facially discriminatory age-based policy. The district court granted cross motion for summary judgment for the employer on the grounds that the employee had not shown a discriminatory intent by the employer since the employer had offered cost savings as the reason for the termination. The district court applied the McDonnell-Douglas burden shifting test, which we feel was inappropriate in light of the facially discriminatory policy. But even if we do apply the McDonnell-Douglas test, we do not believe that the employer can get past the second step in that test, which is to offer a neutral, non-discriminatory reason for its decision. The employer, again, offered cost savings as the basis for that decision. However, their decision was based on Mr. Enlow's age. Had he been under the age of 70, he would have remained employed there. So the age was the but-for cause of the decision. Would you be making the same argument if Mr. Enlow was 22? If he had been terminated because he was 22? Yes. That would be the but-for cause, yes, Your Honor. If the employment decision was based on age. The insurance policy said we won't cover people under 23 or over 70, is that right? I'm not sure of the 23 part, but I believe that's correct. So what's your best case authority to support your argument? I'd say that there's several cases, but EEOC versus Borden, which relies on burden. In those cases, the courts say that the employee is not required to show a discriminatory intent when there's a facially discriminatory policy that's put in place. How is that facially discriminatory? Your Honor, the decision to terminate Mr. Enlow was based exclusively on his age. Had he not been over the age of 70, he would have been retained. Wasn't it based exclusively on the fact that the taxi company couldn't get insurance coverage with him on the payroll? No, that's not correct, Your Honor. The cab company had insurance, which covered employees over the age of 70, and they obtained a less expensive policy, which did not cover employees over the age of 70. And so it's your argument that the company cannot make an economic decision if it impacts older workers, or one older worker in this case? Well, not necessarily. I think employers are authorized to make decisions that will ultimately result in cost savings. However, in this case, the decision was based on criteria, which is protected, and that is age. Whose criteria was that? That was the criteria of the insurance company. However, if you'll note, the cases cited with regard to the annuity tables and what have you that were adopted, I think it was Arizona versus Norris, and there was also a California case related to public employees, where the employers utilized the insurance company's age-based annuity tables that treated women less favorably than men, and the courts in both of those cases indicated that an employer will still be liable, even though they adopt some third party's discriminatory policy. That was the Title VII case, was it? That's correct. You cited, in response to Judge Rowlands' question, what's your best case, you cited Bordens. What do I do with this language from Bordens? The chief difference between disparate treatment, disparate impact, is that disparate treatment involves discriminatory intent, whereas intent need not be shown in a disparate impact case. This is a disparate treatment case, according to your theory. Yes, Your Honor, and I'm not sure of that exact site, but I believe that- You can check the page. I'm quoting Bordens. Okay. Well, I believe if you go on to read Borden, it also talks about that the intent can be implied based on a facially discriminatory policy. In other words, where in many cases, the discrimination is the question of whether or not the criteria is based on a protected class is difficult, because there's other- it's usually a proxy for age, there's an argument of that, or it's a factor that might be correlated with age, like seniority or something like that, but it's not necessarily age-based. In this case, the decision to terminate was based on Mr. Anlow's age. But that begs the question as to what the intent was. If there is an intentional action component, where is that met in this case? Where is the intent to discriminate in this case? Well, I think the intent to discriminate is implied from the facially discriminatory policy. That's mixing disparate impact and disparate treatment jurisprudence. If you have disparate treatment, then you don't have the impact issue. Well, in this case, we do not have disparate impact, because that would have to be a neutral policy, and here we have a policy that is, in fact, age-based. So it's disparate treatment, right? Correct. And so the language that Judge Alecant read from you appears to require a showing of intentional discrimination. So I'd ask you, if we assume that a showing of intentional discrimination is required, what is that showing in this case? The decision was based on age-based criteria. Okay. Other than that, that gives you a prima facie case. So if you have to show intentional, though, if you have to show that it was intentional, what evidence do you have of that? Animus. Age-based animus on the part of the employer. What do you have of that? We do not have that, and that's the issue before the court. Our argument is that in the disparate treatment case, where there's a facially discriminatory policy, we do not need to show ill will or animus. And so you're citing bores for that proposition? Durden and Frank. What's the exact language? Were those disparate impact or disparate treatment cases? I believe they were all disparate treatment cases, although there may have been a disparate impact component, too. All right. I understand your argument. Pardon? I understand your argument. In any event, our argument is that when the age is the but-for cause of the termination, liability will rest. The court denied our summary judgment motion and granted the defendant's cross motion for summary judgment. We have established a violation of the ADEA as a matter of law, and our summary judgment motion should have been granted. In addition, the employer argues that we're only appealing the federal ADEA claim. I believe we've appealed both the state and federal claims. And so I would just like to point the court to that. And that's all I have, Your Honor. Thank you, counsel. Where would we look to find that you're appealing from the state-based claim? I think in the nature of the case, we talk about appealing from the summary judgment, granting employer's cross motion for summary judgment and employer's subsequent motion for summary judgment, and then in parentheses state law claims. We also mentioned that in the reviewability section. Is that in your notice of appeal? Pardon? In your notice of appeal, did you indicate you were appealing from both the federal and the state claims? Yeah, the notice of appeal referred directly to the judgment of dismissal, which was based on those two rules. Okay. Thank you, Your Honor. Thank you. I'm Bob Custis on behalf of Salem Yellow Cap. I think these issues have been fully briefed. Eighty years ago, Justice Cardozo, probably the most influential of all justices dealing with the relationships between human beings, tort law, adopted the doctrine of proximate causation. I'm sure you're familiar with that. You had it drilled into you every day during law school. It's clear, isn't it, that the proximate causation of this case was the applicant's age. The proximate cause of his being fired, the proximate cause of his termination was his age. I'm going to disagree with the court. You disagree that that was the proximate causation? It was one of the causations. You better agree with Cardozo, though. There's multiple causations. The insurance company says we won't provide insurance to you. See, that's not the proximate causation at all. It's his age. If he was 45, he wouldn't have been fired. If he was 69, he wouldn't be fired. But he was fired because he had the age of 70. And that's the proximate causation of this lawsuit, counsel. Okay. I'll accept that in the context that we've got insurance. And if that's the proximate causation, then you're liable. I think the law requires some indication of intent to discriminate. It's not a strict liability analysis. You don't have to have that in this kind of a case, counsel. It's on its face, the reason he was fired, the proximate causation on its face. I disagree. Isn't that true? I agree that he was terminated because of his age, because the insurance company would not provide coverage. And as a condition of Salem Yellow Cab's license, the city of Salem required that he be insured. And so the consequence of obtaining insurance without knowledge in advance that he would be terminated is the issue. And that's why we're into the intent in the three-part test. I think the three-part test cited by Judge Asman gets us the right analysis. And once we raise Salem Yellow Cab raises the issue of we have a legitimate, nondiscriminatory reason, the burden falls on the employee to provide evidence of intent, and there's no evidence. You intended to fire him because he was 70 years old. We had no choice to fire him. The intent was not the intent to fire him initially. The intent element was the intent. You didn't intend to fire him? You fired him. You say you did it accidentally? No. You did it negligently? In fact, there was causation. The causation was he was terminated because he could not be insured. You did it purposely. He was terminated because he could not be insured. The initial intent of getting the insurance was not to terminate Mr. Enloe. That was the consequence. I agree. See, that has nothing to do with his job performance. That has nothing to do with his qualifications. That has nothing to do with anything except his age. And you could have gotten insurance, because you had insurance insuring this guy over. But you wanted to save more money, and you wanted the cornerstone of making more money, some poor old guy's age. That is not the intent that the record provides. Well, that's what happened. That may be the consequence. That's not the intent. The facts that are submitted provided that Salem Yellow Cab learned an hour before the expiration of its first policy that the second policy would not cover Mr. Enloe. Any other questions? I have a question about the scope of the appeal. What's your response to opposing counsel's assertion that the state law claims are also being considered on appeal? My response is the briefing that I've read where the appellant does not address any of the state law claims. Before this court? Yes. I don't think that's been briefed on either side. The focus has been on the intent issue and the level of which law applies. All right. Thank you, counsel. Any rebuttal? With regard to the state law claims, the state one of the state law claims is under the state discrimination act. And that has the judge's ruling. If you'll look in the record on this second order, he just followed the analysis in the first order regarding. Counsel, isn't the Oregon age discrimination act a little broader than the federal age discrimination act? It may be, but I think the decision that the judge based his decision on the same issue as whether we had shown an ill will or animus. First, I discussed in your opening brief. It isn't. So doesn't that preclude you from making an argument if it's not discussed in your opening brief? Well, I think that the issue that he ruled on, in the opening brief, we refer to the two summary judgment motions and orders. And the final order of dismissal based on those two. But just referring to the history of the case is not enough to preserve an issue in your opening brief, is it? Well, the issue, it's the same issue under both state and federal law. And so we've argued it as the one issue as whether there needs to be a discriminatory. I don't think that's enough to preserve the issue on appeal if you don't specifically discuss the state cause of action in the opening brief. We expect for there to be a cogent discussion of the issues that we are asked to decide. So I don't think that, not speaking for the panel, but for myself, I don't think that's enough to preserve the issue on appeal. Thank you. The case is argued and submitted. The next case on calendar for argument is Abebe v. INS. Thank you.
judges: Alarcon, Ferguson, Rawlinson